UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELIZABETH MITCHELL                      CIVIL ACTION

VERSUS                                  NO.  06-9229

ALLSTATE INSURANCE COMPANY,             SECTION "R"(4)
ET AL.


This order also applies to the following civil actions.


DERRIN EUGENE                           CIVIL ACTION

VERSUS                                  NO.  06-9230

ALLSTATE INSURANCE COMPANY,             SECTION "R"(4)
ET AL.


CLIFTON T. JAMES AND                    CIVIL ACTION
MAXINE SUMMERS-JAMES

VERSUS                                  NO.  06-10801

STATE FARM FIRE AND CASUALTY            SECTION "R"(3)
COMPANY


**ORDER AND REASONS**

     Before the Court are the motions of plaintiffs in the above-
captioned cases to remand these matters to state court.  Because
the Court finds that the jurisdictional amount is not satisfied

in each case, the Court GRANTS the motions to remand.

## I.    BACKGROUND

Plaintiffs are Louisiana property owners who suffered damage to their property during Hurricane Katrina and, as a result, have sued their homeowner's insurance carriers and, in some cases, their insurance agent.  Plaintiffs filed their respective actions in Louisiana state court, and defendants then removed them to this Court.  Plaintiffs now seek to remand these matters. Defendants oppose these motions, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  For the following reasons, these motions are granted.

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See*

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Jurisdictional Amount**

> 1.   *06-9229:  Mitchell v. Allstate*
>      *06-9230:  Eugene v. Allstate*

Plaintiffs assert that these matters must be remanded because the amount in controversy, a requisite for diversity jurisdiction, is not satisfied.  Plaintiffs did not seek a specific amount of damages in their petition.  Allstate argues that it is facially apparent that plaintiffs' claims exceed $75,000.  Allstate is incorrect.  Plaintiffs' complaint do not allege any specific type or amount of damage to their property.

Nor do plaintiffs contend that they are entitled to the limits of their policies.  Thus, defendant's reference to plaintiffs' policy limits is not conclusive.  Based on the record, the Court finds that Allstate has failed to carry its burden to show that the amount in controversy is satisfied in either of these cases. Hence this Court lacks diversity jurisdiction over these matters.

      2.   *06-10801: James v. State Farm*

Plaintiffs Clifton and Maxine James sued State Farm for breach of contract after it allegedly failed to pay the amount to which plaintiffs were entitled under their homeowner's policy. In their state court petition, plaintiffs aver that "[t]he insured loss is estimated to be at least, but not limited to $49,565.00." (R. Doc. 1-2, at 4).  State Farm contends that the amount in controversy exceeds $75,000 because plaintiffs state that their actual losses may be more than $49,565 and because plaintiffs also seek attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658.

The Court finds that it does not have jurisdiction over this matter.  As State Farm provided no opposition to the damage amounts alleged in plaintiffs' amended petition, the Court accepts plaintiffs' allegation of the amount of their insured loss, $49,565, as true for purposes of this motion to remand. Plaintiffs also seek attorney's fees and penalties under La. Rev.

Stat. §§ 22:1220 and 22:658, but even if plaintiffs were able to recover to the extent that these statues allow, their total award would still be less than the jurisdictional amount of $75,000. Specifically, under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220.  However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000.  *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995).  Plaintiffs here do not allege in their petition an amount or type of damages, if any, that they sustained from State Farm's breach.  Furthermore, State Farm provides no summary-judgment-type evidence to show that plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract.  Under Section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).  Thus, plaintiffs would be entitled to, at most, about $12,400 under

Section 22:658, which would not be enough to push plaintiffs' claims over $75,000.  As a result, State Farm cannot show that it is facially apparent that plaintiffs' claims exceed the jurisdictional amount.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiffs' motions to remand are GRANTED.

New Orleans, Louisiana, this <u>26th</u> day of February, 2007.

_____
              SARAH S. VANCE
        UNITED STATES DISTRICT JUDGE